# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| LYN L. STAMLER,<br>    Plaintiff(s),<br>v.<br>PRO TRUCKING, INC., *et al.*,<br>    Defendant(s). | Case No. 2:22-cv-02023-JAD-NJK<br><br>**ORDER**<br><br>[Docket No. 35] |

 Pending before the Court is a second amended discovery plan and scheduling order. Docket No. 35. The parties, however, already filed a discovery plan and the Court previously issued a scheduling order in this case. *See* Docket Nos. 10, 13, 24. The Court, therefore, construes the instant filing as a request to reopen and extend case management deadlines.

 A request to extend deadlines in the Court's scheduling order must be supported by a showing of good cause for the extension. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). The required showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed. *See, e.g.*, *Muniz v. United Parcel Serv., Inc.*, 731 F. Supp. 2d 961, 967 (N.D. Cal. 2010). Further, to seek an extension of an expired discovery deadline, a movant must make "a showing of good cause" and "demonstrate that the failure to act [before the deadline expired] was the result of excusable neglect." Local Rule 26-3.

 "When a request to extend case management deadlines is made by stipulation, courts may consider the joint nature of the request in deciding whether the circumstances warrant an amendment to the scheduling order. Nonetheless, courts addressing such requests are deciding at bottom whether to modify their own orders, an issue that need not be based necessarily on the promptings of the parties." *Williams v. James River Grp.*, 627 F. Supp. 3d 1172, 1178 (D. Nev. 2022). The Court has broad discretion in supervising pretrial litigation. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

The parties fail to demonstrate good cause or excusable neglect to warrant reopening and extending the discovery deadlines. The instant stipulation seeks to reopen and extend all discovery deadlines by 180 days from the date Third-Party Defendants filed their answer. *See* Docket No. 35 at 4. The request is premised on Third-Party Defendants needing time to review the discovery conducted thus far, to secure experts, and further conduct discovery. *See id*. at 5. However, the parties fail to explain why they waited nearly one month after Third-Party Defendants filed their answer to seek this extension, and further fail to explain why they seek to reopen the deadline to add or amend pleadings.

Moreover, the discovery period in this case, 371 days, is far beyond the presumptively reasonable 180-day period. *See* Local Rule 26-1(b)(1). The Court previously stated that it would not grant further extensions due to this lengthy discovery period. *See* Docket No. 24 at 2. Nonetheless, the parties now seek to extend case management deadlines by an additional 180 days without any explanation. To the extent that the parties seek the extension due to the recently added Third-Party Defendants, the Local Rules provide that Third-Party Defendants are entitled to the existing discovery in the case. *See* Local Rule 26-5. The discovery period does not merely "start over" when a new party is added. Thus, a 180-day extension is excessive, and the parties have not established good cause or excusable neglect to warrant such a request.

Accordingly, the parties' stipulation to reopen and extend discovery deadlines is **DENIED** without prejudice. Docket No. 35. Any subsequent request to reopen and extend the discovery deadlines must fully comply with the Local Rules and must be filed no later than November 15, 2023.

IT IS SO ORDERED.

Dated: November 8, 2023

_____
Nancy J. Koppe
United States Magistrate Judge