UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LYN L. STAMLER,<br><br>    Plaintiff,<br><br>v.<br><br>PRO TRUCKING, INC., *et al.*,<br><br>    Defendants. | Case No. 2:22-cv-02023-JAD-NJK<br><br>**ORDER**<br><br>[Docket No. 37] |

Pending before the Court is Third-Party Defendants' motion to extend discovery deadlines.[1] Docket No. 37. The Court has considered the motion, Defendants' joinder, and Plaintiff's joinder. Docket Nos. 38, 39. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion is **GRANTED** in part and **DENIED** in part.

**I. BACKGROUND**

On August 4, 2023, the Court granted Defendants' request for leave to file a third-party complaint against Third-Party Defendants. Docket No. 24. In light of the third-party complaint, the Court also granted the parties' request for an extension of case management deadlines. Docket No. 24 at 2. The Court set the following deadlines:

| | |
|---|---|
| Amend/Add Pleadings for the third-party case only: | September 12, 2023 |
| Initial Experts for the third-party case only: | October 12, 2023 |
| Rebuttal Experts for the third-party case only: | November 13, 2023 |
| Discovery Cut-Off for all parties: | December 11, 2023 |
| Dispositive Motions for all parties: | January 10, 2024 |
| Joint Pretrial Order: | February 9, 2024, 30 days after the resolution of dispositive motions, or further Court order. |

---

[1] The Court construes the instant motion as a request to reopen the deadlines to add/amend pleadings and expert disclosures and extend the unexpired discovery deadlines.

1

*Id*. The Court stated that "[i]n light of the 240-day discovery period already allowed, **NO FURTHER EXTENSIONS WILL BE GRANTED**." Docket No. 24 at 1-2 (internal citations omitted) (emphasis in original).

On August 9, 2023, Defendants filed their third-party complaint against Third-Party Defendants. Docket No. 25. On September 11, 2023, Defendants effectuated service on Third-Party Defendants. Docket Nos. 30, 31. On October 9, 2023, almost a month later, Third-Party Defendants filed their answer. Docket No. 32. The answer was filed after the add/amend pleadings deadline for the third-party case, and only a few days before the initial expert disclosure deadline for the third-party case. On November 7, 2023, the parties sought relief from the case management deadlines, just days before the rebuttal expert disclosure deadline for the third-party case. Docket No. 35.

The parties' prior stipulation to extend case management deadlines, erroneously submitted as a second discovery plan and scheduling order, sought a 180-day extension and was premised on the fact that Third-Party Defendants had recently been added to the case. Docket No. 35 at 5. The Court found that the parties had not acted diligently in conducting discovery and, thus, good cause did not exist to warrant the extension. *Id*. The Court further stated that "any subsequent request to reopen and extend the discovery deadlines must fully comply with the Local Rules and must be filed no later than November 15, 2023." *Id*. at 2.

## II.     STANDARDS

The Ninth Circuit has repeatedly emphasized the importance of scheduling orders, *see Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 641 (D. Nev. 2011) (collecting cases), and has stated bluntly that Rule 16 scheduling orders must "be taken seriously," *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994). A request to extend deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). The required showing of diligence is measured by the conduct displayed throughout the

entire period of time already allowed. *See, e.g., Muniz v. United Parcel Serv., Inc.*, 731 F.Supp.2d 961, 967 (N.D. Cal. 2010).

When a request for relief from case management deadlines is made after the deadline has expired, an additional showing of excusable neglect must be made. *Branch Banking & Trust Co. v. DMSI, LLC*, 871 F.3d 751, 764-65 (9th Cir. 2017); *see also* Local Rule 26-3. The excusable neglect analysis is guided by factors that include (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Branch Banking*, 871 F.3d at 765.

The movant bears the burden of establishing sufficient justification for modification of the case management deadlines. *See Desio*, 339 F.R.D. at 638 (citing *Singer v. Las Vegas Athl. Clubs*, 376 F. Supp. 3d 1062, 1077 (D. Nev. 2019)); *see also Branch Banking*, 871 F.3d at 765 (affirming denial of request to modify case management deadlines because the movants had not established good cause or excusable neglect). Magistrate judges have broad discretion to manage the discovery process "in the interests of dispatch and fairness." *V5 Techs. v. Switch, Ltd.*, 332 F.R.D. 356, 361 (D. Nev. 2019); *see also Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

**III.     ANALYSIS**

Third-Party Defendants seek to extend the discovery deadlines by 180 days. Docket No. 37 at 3.

At the outset, the instant motion violates the Court's prior order. The Court previously ordered that any subsequent requests for extension of the case management deadlines be filed by November 15, 2023. Docket No. 36 at 2. Nonetheless, Third-Party Defendants filed the instant motion on November 29, 2023. Docket No. 37. The parties provide no explanation as to why they could not meet the Court-imposed deadline. *See id.* This failure to comply with the Court's order gives the Court reason to deny this request. *See Bristol v. Hughes*, 2017 WL 3666299, at *2 (D. Nev. Aug. 23, 2017). The Court, however, will address the merits of the motion.

Third-Party Defendants fail to address good cause or excusable neglect in their filing. *See* Docket No. 37. Instead, Third-Party Defendants focus on the fact that "they cannot reasonably and fairly address and defend the allegations against them" without an opportunity to conduct

discovery specific to those claims. *Id.* at 3. Third-Party Defendants fail to demonstrate their diligence and, thus, do not establish good cause to warrant the extension request.

Defendants make a better attempt at demonstrating the parties' diligence, but ultimately fail. Defendants submit that, because Third-Party Defendants are out of state and are unfamiliar with the judicial process, their delay in obtaining counsel and filing an answer was reasonable in light of the circumstances. Docket No. 38 at 2-3. Defendants further submit that, based on the aforementioned delay, the parties were unable to comply with the Court's scheduling order. *Id*. However, the parties fail to address the one-month gap between when Third-Party Defendants filed their answer and when the parties sought to extend the discovery deadlines. *Compare* Docket No. 32 (answer filed on October 9, 2023) *with* Docket No. 35 (stipulation to extend case management deadlines filed on November 7, 2023). As the parties have failed to demonstrate diligence throughout the discovery period, the Court cannot find good cause to grant the extension request.[2]

Nonetheless, in the interest of the case being resolved on its merits, the Court will permit one final 90-day extension. Given the age of this case and lack of diligence throughout the discovery period, the Court will not grant any further extensions. Counsel must take all necessary steps to ensure that they can meet the deadlines set herein.

**IV.  CONCLUSION**

Accordingly, Third-Party Defendants' motion is **GRANTED** in part and **DENIED** in part. Docket No. 37. The scheduling order is **MODIFIED** as follows:

| | |
|---|---|
| Amend/Add Pleadings (third-party case): | December 27, 2023 |
| Initial Experts (third-party case): | January 11, 2024 |
| Rebuttal Experts (third-party case): | February 11, 2024 |
| Discovery Cut-Off: | March 11, 2024 |
| Dispositive Motions: | April 10, 2024 |
| Joint Pretrial Order: | May 10, 2024, 30 days after the |

---

[2] Since the deadlines to amend pleadings / add parties and expert disclosures have expired, the parties must demonstrate both good cause and excusable neglect to reopen and extend them. As the Court finds that the parties have not shown good cause, it need not reach the issue of excusable neglect.

4

resolution of dispositive motions, or further Court order.

IT IS SO ORDERED.

Dated: December 8, 2023

_____
Nancy J. Koppe
United States Magistrate Judge